# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| DRAKEASE HALL ) | |
| ADC # 151761 ) | |
|     Petitioner, ) | **Case No. 5:13-CV-00356 KGB-JTK** |
| v. ) | |
| ) | |
| RAY HOBBS, Director, Arkansas ) | |
| Department of Correction ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Karen G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Drakease Hall. (Doc. No. 2).  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

On January 31, 2012, Petitioner pleaded guilty to first-degree murder, commission of a felony with a firearm, and attempted first-degree murder. He was sentenced to a total of fifty years' imprisonment, and the judgment was entered on February 1, 2012.  There was no attempt at direct or postconviction review at the state level.

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) he received ineffective assistance of counsel, 2) the prosecutor committed a *Brady* violation when she failed to disclose that the testimony of Terrance Lang was induced through threats that the death penalty would be sought, and 3) he is actually innocent of the crimes to which he pleaded

guilty. However, his claims fail because they are time barred, procedurally defaulted, and without merit.

Both parties agree that Petitioner's federal habeas petition is untimely, but Petitioner argues that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), excuses the untimeliness of his petition. However, there is nothing in *Martinez* or the subsequent decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), that indicates the Supreme Court intended the statute of limitations to be affected. Whether a claim is procedurally defaulted is a completely distinct question from whether it is barred by the AEDPA's statute of limitations. There is also no reason to believe that *Martinez* would trigger the provisions of 28 U.S.C. § 2244(d)(1)(C). *Martinez* merely gave prisoners a chance to have federal courts entertain ineffective assistance of trial counsel claims that had not been properly presented to the state courts because they had been unable to bring the claim during direct appeal and were prevented from doing so during postconviction review due to ineffective assistance.

Nor is equitable tolling appropriate in this case. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011). Petitioner explains his lack of diligence by alleging that he did not discover the factual predicate of his claim until February 7, 2013,[1] but this bare allegation is insufficient to warrant tolling. Even if the Court were to assume that Petitioner did not know Lang cooperated in return for leniency prior to receiving Lang's

---

[1] This is the date that Terrance Lang, one of his accomplices, completed an affidavit stating that he only implicated Petitioner in the crime because the prosecutor threatened to seek the death penalty.

affidavit, February 7, 2013, is not the date the factual predicate "*could have been discovered through the exercise of due diligence.*" 28 U.S.C. § 2244(d)(1)(D) (emphasis added).  Petitioner alleges that he is innocent and that he knew that his conviction was primarily resting on the testimony of his two accomplices, so it is clear that due diligence would have involved discovering why Lang was wrongly accusing Petitioner.  Lang's affidavit also has nothing to do with the factual predicate supporting Petitioner's ineffective assistance of counsel argument.

Finally, Petitioner appears to make a claim of actual innocence.  In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013), the Supreme Court found that the miscarriage of justice exception could apply to the statute of limitations.  "To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). The only evidence Petitioner has provided is Lang's affidavit, which states that Petitioner was not involved with the crime and that Lang only said Petitioner was an accomplice in order to escape the death penalty.  This lone affidavit is insufficient to meet the truly extraordinary innocence exception. Lang's affidavit does nothing to negate the allegations made by Petitioner's other accomplice, and the timing of Lang's affidavit severely diminishes its credibility.  *See Schlup v. Delo*, 513 U.S. 298, 332 (1995) (holding that courts may consider the timing of affidavits when assessing their probable reliability).  Accordingly, Petitioner's claim is barred by the statute of limitations.

Petitioner's claims are also procedurally defaulted.  A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies

that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1986)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

As noted above, Petitioner failed to present any of his claims to the state courts, and his claims are procedurally defaulted. Even if it is assumed that Petitioner's lack of postconviction counsel established cause for the default of his ineffective assistance claim under *Martinez* and *Trevino*,[2] Petitioner has failed to establish the requisite prejudice. Petitioner's ineffective assistance argument is based on an Arkansas law that requires the testimony of an accomplice to be corroborated. Just based on Petitioner's statements in his petition, a confidential informant told police that Petitioner had been bragging about killing a Mexican with Lang before the police made contact with Lang, so there was at least some corroboration.

Finally, the court finds that Petitioner's claims are without merit. However, a discussion is unnecessary given the procedural default and untimeliness of Petitioner's claims.

---

[2] *Martinez* and *Trevino* would have no effect on whether Petitioner's *Brady* claim is procedurally defaulted.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 28th day of August, 2014.

_____
United States Magistrate Judge